State of Tennessee agt. Davis.

## SUPREME COURT.

State of Tennessee agt. Theodore M. Davis *et al.*

*Power of a president and cashier of a bank to pledge its assets.*

Although a cashier and a president of a bank may, in the ordinary course of business, without the action of the board of directors, dispose of the negotiable securities of the bank, yet they have not the power to pledge its assets for the payment of an antecedent debt.

*Special Term, February* 1874.

Van Brunt, *J.* — No cause of action has been made out against the defendants Fairbanks, Hatch and Chittenden, and the complaint must be dismissed as to them.

The defendant Davis is undoubtedly liable to account for the proceeds of all collaterals which he undertook to collect and apply to the payment of the plaintiff's claim, and this is founded upon the fact that he received these assets and voluntarily assumed their collection, and he thereby made himself the agent of the bank of Memphis.

But as to the money paid by the estate of Lowenthal, I think a different rule must prevail. Davis received that money as agent of the Bank of the Metropolis, although he knew that the claim against the Lowenthal estate had been attempted to be assigned to the Bank of Memphis by the cashier of the Bank of the Metropolis at the time he received this money. Although a cashier and president of a bank may, in the ordinary course of business, without the action of the board of directors, dispose of the negotiable securities of a bank, yet they have not the power to pledge its assets

for the payment of an antecedent debt. This is entirely beyond the scope of the duties of a cashier, as he might, by this means, dispose of all the assets of the corporation, thus usurping powers which the board of directors alone can exercise (*Hoyt* agt. *Thompson*, 5 *Seld.*, 320). Hutchinson, the cashier, therefore, had no power to make the pledge he did to the bank of Memphis, and those securities which came into Davis' hands as agent for the Bank of the Metropolis, he had a right to regard as though there never had been any attempt to pledge them, the attempted pledge being void.

Judgment must therefore be rendered in favor of defendants Fairbanks, Hatch and Chittenden, and against defendant Davis, for those securities which he received and agreed to collect and account for to the Bank of Memphis.